**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVIR SINGH-GARCHA, | No.  14-71628 |
| Petitioner, | Agency No. A094-792-235 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 13, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, REINHARDT, and TROTT, Circuit Judges.

Petitioner Singh-Garcha, a citizen of India, seeks relief from a Board of

Immigration Appeals order ("BIA") dismissing his appeal from an Immigration

Judge's ("IJ") decision which denied his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1252 (2012) gives us jurisdiction over his timely request. We review his petition pursuant to the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii), and we deny it.

## I

Singh-Garcha's failure to prevail in his hearing before an IJ resulted in the main from the IJ's "serious misgivings about Petitioner's credibility." Confronted by "wildly different versions between Petitioner and . . . Border Patrol agent Daniel Serna regarding [Singh-Garcha's] interview," the IJ concluded that the "agent's record is more reliable than Petitioner's testimony." She rejected his excuse that the agent did not conduct the interview in Petitioner's native language.

The IJ explained in detail the reasons for her conclusion regarding his lack of credibility, highlighting his admission of falsehoods to the Border Patrol. The BIA also focused on Petitioner's admitted material fabrications, which included "misrepresentations regarding his identity such as his complete name and date of birth and his travels prior to entering the United States . . . ."

Accordingly, the IJ concluded based on credibility deficiencies that "Petitioner has not carried his burden to produce credible testimony in support of his claim . . . ." "Thus, neither asylum not [sic] withholding of removal can be granted." The BIA agreed with the IJ's decision and dismissed Petitioner's appeal.

## II

2

If substantial evidence and specific cogent reasoning supports one of the grounds for an adverse credibility finding, we are "bound to accept" that finding. Tekle v. Mukasey, 533 F.3d 1044, 1052 (9th Cir. 2008). Here, the grounds that the BIA cites suffice for an adverse credibility determination. Accordingly, Petitioner's remaining arguments are irrelevant. Our conclusion disposes of his request for asylum and withholding of deportation.

### III

Noting that "[e]ven where a trier of fact has made an adverse credibility finding, an applicant for protection under CAT is entitled to have evidence of gross, flagrant or mass violations of human rights in the country of removal apart from [his] asylum and withholding claims," the IJ nevertheless concluded that Singh-Garcha had failed to meet "his burden of proof to show that it is more likely than not that he would be tortured by the India government if he were returned to India." The BIA affirmed the IJ's denial of CAT protection. We agree with the IJ and the BIA.

Accordingly, we deny Petitioner's petition in its entirety.

Petition **DENIED**.